IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACOB BROSKY,                         )
                    Plaintiff,    )
                         )
    vs.                     )        Civil Action No. 14-89
                         )        Judge Maurice B. Cohill/
                         )        Chief Magistrate Judge Maureen P. Kelly
BRIAN MILLER, *Warden*; MIKE    )
ZAVATTA, *Dep. Warden*; JACK    )
HENECKS, JR.; COUNTY DCT.    )        Re: ECF No. 16
CARLISSIMO,                )
                 Defendants.  )

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

Plaintiff Jacob Brosky ("Plaintiff"), is an inmate in the custody of the Pennsylvania

Department of Corrections, and is currently incarcerated at the State Correctional Institution at

Mercer. Plaintiff brings this civil rights action against Defendants Brian Miller, *Warden*

("Miller"), Mike Zavatta, *Dep. Warden* ("Zavada"),[1] Jack Henecks, Jr. ("Henecks") and County

Dct. Carlissimo ("Carlissimo") (collectively, "Defendants"), alleging that, while Plaintiff was

incarcerated in the Fayette County Prison, Defendants Miller and Zavada failed to protect him

from being assaulted by other inmates in violation of his rights provided by the Eighth

Amendment to the United States Constitution. Plaintiff also alleges that Defendants Henecks,

the Fayette County District Attorney, and Carlissimo, a Fayette County Detective, discriminated

against him and violated their duties as public officials by not criminally charging the inmates

who assaulted him.

---

[1] Defendants have represented on the first page of their Motion to Dismiss that Plaintiff has incorrectly identified
Deputy Warden "Zavata" in the caption as "Zavatta." <u>See</u> ECF No. 16, p. 1. In the pages that follow and in their
Brief in Support of Motion to Dismiss, however, Defendants refer to the Deputy Warden as "Zavada." ECF No. 16,
pp. 2-3; ECF No. 17, pp. 1, 4, 6-8. Given the greater number of times that the Deputy Warden is referred to as
"Zavada" in Defendants' pleadings, the Court has elected to use that spelling.

Presently before the Court is a Motion to Dismiss for Failure to State a Claim ("the Motion") submitted on behalf of Defendants. ECF No. 16. For the following reasons, it is respectfully recommended that the Motion be granted but that Plaintiff be given the opportunity to file an amended complaint solely with respect to his Eighth Amendment claims for failure to protect brought against Defendants Miller and Zavada.

## II.     REPORT

### A.     FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, on December 18, 2011, while Plaintiff was incarcerated at the Fayette County Prison, several inmates attacked him, stabbed him multiple times and broke his jaw. ECF No. 5, p. 2. Plaintiff alleges that although he informed "security" prior to the incident of the possibility that he would be attacked, he was not moved to another Block. Id. Plaintiff further alleges that despite the fact that there were several witnesses to the incident, Defendants District Attorney Henecks and Detective Carlissimo refused to bring charges against the inmates responsible for the attack. Id. at p. 6.

Plaintiff initiated this action on January 21, 2014, by filing a Motion for Leave to Proceed In Forma Pauperis, ECF No. 1, which was accompanied by the instant Complaint. ECF No. 1-1. Thereafter Plaintiff submitted the requisite filing fee of $400.00 on April 3, 2014, ECF No. 4, and the Complaint was filed on that same date. ECF No. 5. Defendants filed the instant Motion to Dismiss for Failure to State Claim on July 7, 2014, ECF No. 16, to which Plaintiff filed a Response on August 20, 2015. ECF No. 19. As such, the Motion is now ripe for review.

**B.      STANDARD OF REVIEW**

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under

Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in

the complaint and all reasonable factual inferences must be viewed in the light most favorable to

the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not

accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set

forth in the complaint.  See California Publ. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d

126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.

1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to

raise a right to relief above the speculative level."  Id., *citing* Papasan v. Allain, 478 U.S. 265,

286 (1986).   Indeed, the United States Supreme Court has held that a complaint is properly

dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim

to relief that is plausible on its face," id. at 570, or where the factual content does not allow the

court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See Phillips v. Cnty. of Allegheny, 515 F.3d 224,

231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation

of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts

suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation

that discovery will reveal evidence of the necessary element[s] of his claim").

**C.      DISCUSSION**

Although Plaintiff does not specifically mention the Civil Rights Act of 1964, 42 U.S.C.

§ 1983 ("Section 1983"), in his Complaint, he nevertheless seeks to vindicate his constitutional

rights. Because Plaintiff does not have a cause of action directly under the United States

Constitution, the Court shall construe his Complaint as one invoking the Court's jurisdiction

pursuant to Section 1983. See Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006),

*citing* Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979) ("Section 1983 provides remedies for

deprivations of rights established in the Constitution or federal laws. It does not, by its own

terms, create substantive rights") (footnote omitted).

> Section 1983 provides that:
>
>> Every person who, under color of any statute, ordinance, regulation,
>> custom, or usage, of any State or Territory or the District of Columbia,
>> subjects, or causes to be subjected, any citizen of the United States or other
>> person within the jurisdiction thereof to the deprivation of any rights,
>> privileges, or immunities secured by the Constitution and laws, shall be
>> liable to the party injured in an action at law, suit in equity, or other proper
>> proceeding for redress . . . .

42 U.S.C. § 1983. Thus, in order to state a claim for relief under Section 1983, the plaintiff must

allege facts from which it could be inferred that "the defendant, acting under color of state law,

deprived him or her of a right secured by the Constitution or the laws of the United States." Id.

at 423. As previously discussed, Plaintiff claims that Defendants Miller and Zavada violated his

rights provided by the Eighth Amendment by failing to protect him from harm and that

Defendants Henecks and Carlissimo discriminated against him and violated their duties as public

officials by not criminally charging the inmates who assaulted him.

### 1.      Claims against Defendants Miller and Zavada[2]

It is well established that included within the Eighth Amendment's ambit is a duty upon

prison officials to "protect prisoners from violence at the hands of other prisoners," and that the

prison official's conduct is measured against the well-known standard of "deliberate

indifference." Farmer v. Brennan, 511 U.S. 825, 833 (1994). See Jones v. Day, 2007 WL

30195, at *3 (W.D. Pa. Jan. 4, 2007). Deliberate indifference requires consciousness of a risk;

that is, the official must be "subjectively aware of the risk." Farmer v. Brennan, 511 U.S. at 833-

847. Thus, in order to succeed on a failure to protect claim under the Eighth Amendment, a

prisoner must show that: (1) he was incarcerated under conditions posing a substantial risk of

serious harm; (2) the defendant was "aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists;" (3) the defendant actually drew this inference; and

(4) the defendant deliberately disregarded the apparent risk. Id. at 834-37. See Jones v. Day,

2007 WL 30195, at *3 ("[i]t is not an objective test for deliberate indifference; rather, the court

must look to what the prison official actually knew, rather than what a reasonable official in his

position should have known"). See also Jones v. Beard, 145 F. App'x 743, 745 (3d Cir. 2005);

Schaffer v. Wilson, 2007 WL 589023, at *3-4 (W.D. Pa. Feb. 20, 2007).

It is also well established that "[a] defendant in a civil rights action must have personal

involvement in the alleged wrongs to be liable, and cannot be held responsible for a

---

[2] Defendants initially argue that Plaintiff's claims brought against Miller and Zavada should be dismissed because they are barred by the applicable two year statute of limitations and because Plaintiff failed to exhaust his administrative remedies. Some Courts, however, have construed the date that the plaintiff's *in forma pauperis* application and/or the Complaint is signed as the operative date under the prison mailbox rule for purposes of the statute of limitations which, in this case, would render the Complaint timely filed. See Jones v. Fitzgerald, 2014 WL 2938619, at *5 n.1 (W.D. Pa. June 30, 2014); Pendergrass v. Gray, 2006 WL 3165007, at *3 (E.D. Pa. Oct. 30, 2006). See also ECF No. 1, p. 1; ECF No. 5, pp. 2, 4, 6, 8 (reflecting that the incident at issue in this case occurred on December 18, 2011, and that Plaintiff's *in forma pauperis* application and Complaint are dated December 15, 2013). In addition, Plaintiff's Complaint is ambiguous relative to the existence of a grievance process at Fayette County Prison. See ECF No. 5, p. 3, ¶¶ V(A), V(E). As such, the Court has not addressed Defendants' arguments in this regard but rather has turned directly to the merits of Plaintiff's claims.

constitutional violation which he or she neither participated in nor approved." Baraka v.

McGreevey, 481 F.3d 187, 210 (3d Cir. 2007). Personal involvement in the alleged wrongdoing

may be shown "through allegations of personal direction or of actual knowledge and

acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005), *quoting* Rode v.

Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). See Ruff v. Health Care Adm'r, 441 F.

App'x 843, 846 (3d Cir. 2011) (per curiam) ("[t]o be liable under § 1983, a defendant must have

some personal involvement in the underlying unconstitutional conduct"). See also Kaucher v.

Cnty. of Bucks, 455 F.3d 432 n.7, *quoting* Estate of Smith v. Marasco, 430 F.3d 140, 151 (3d

Cir. 2005) ("[i]n order to prevail on a § 1983 claim against multiple defendants, a plaintiff must

show that each individual defendant violated his constitutional rights").

Here, the extent of Plaintiff's allegations in the Complaint against Warden Miller and

Deputy Warden Zavada are that Plaintiff "informed security prior to [the assault] that the

possibility of being jumped or stabbed could happen but [Plaintiff] was not moved from Block."

ECF No. 5, p. 2, ¶ IV(C). These assertions, however, are completely devoid of any facts from

which it could be inferred that either Miller or Zavada were aware of facts suggesting that

Plaintiff was at risk of harm or that they otherwise had any personal involvement and/or

knowledge of the potential for an altercation. Although Plaintiff alleges that he told some

unidentified security officer of a potential problem, that knowledge cannot be imputed to either

Miller or Zavada simply because they hold supervisory positions. See Baraka v. McGreevey,

481 F.3d at 210 (a supervisor can only be held liable if his or her own actions resulted in the

constitutional injury); Evanchco v. Fisher, 423 F.3d at 353, *quoting* Rode v. Dellarciprete, 845

F.2d at 1207 ("'[an individual government] defendant in a civil rights action must have personal

involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of

respondeat superior'").[3]  Indeed, Plaintiff's argument that Miller and Zavada should be held

liable because they are "overseers of the daily functioning of the Fayette County Prison," suggest

that Plaintiff seeks to hold these Defendants liable under a theory of respondeat superior which is

fatal to his claims.  Id.  See ECF No. 19, p. 2, ¶ 4.

### 2.    Claims against Defendants Henecks and Carlissimo

Plaintiff has also brought claims against District Attorney Henecks and Detective

Carlissimo alleging that they violated his constitutional rights by not pursuing criminal charges

against the inmates that assaulted him.

As recently set forth in Gessner v. Dep't of Corr., 2014 WL 972290 (M.D. Pa. Mar. 12,

2014):

> It is well established that decisions regarding the filing of criminal
> charges are the prerogative of the executive branch of government, are
> consigned to the sound discretion of prosecutors, and under the separation
> of powers doctrine are not subject to judicial fiat. Indeed, it has long been
> recognized that the exercise of prosecutorial discretion is a matter,
> "particularly ill-suited to judicial review." *Wayte v. United States*, 470 U.S.
> 598, 607 ... (1985). Recognizing this fact, courts have long held that a civil
> rights plaintiff may not seek relief in civil litigation in the form of an order
> directing the criminal prosecution of some third parties, finding that civil
> plaintiffs lack standing to make such claims and concluding that such relief
> simply is unavailable in a civil lawsuit. *See, e.g., Ostrowski v. Mehltretter*,
> 20 Fed. Appx. 87, 90 (2d Cir. 2001) (....The failure of Mehltretter to
> investigate or prosecute Bybel did not injure [the plaintiff] in any direct
> manner-he has no 'personal stake in the outcome' of a perjury case brought
> against (or not brought against) another person .").

Id. at *6.  See Snyder v. Aaron, 2006 WL 544466, at 2-3 (W.D. Pa. Mar. 6, 2006) (dismissing

complaint for lack of standing where the plaintiff's claim was premised on the district attorney's

failure to prosecute a third party); Mover v. Borough of North Wales, 2000 WL 1665132, at *2

---

[3] Although Plaintiff states in the Complaint that he "spoke with Deputy Warden Zavatta [sic]," his statement was
made in response to questions regarding complaints that Plaintiff may have made about the assault absent a
grievance procedure.  The statement, therefore, appears to have been made subsequent to the assault and does not
provide the basis for assigning knowledge to Zavada.

(E.D. Pa. Nov. 7, 2000) (stating that "Moyer has no judicially cognizable interest in Timothy Conley's criminal prosecution. Accordingly, an agreement to refrain from prosecuting Conley for sexual assault or to charge him with disorderly conduct or the act thereof violates no constitutional right that Moyer has standing to assert."); Wise v. Augustine, 1997 WL 534695, at *2 (E.D. Pa. Aug. 8, 1997) (stating that "[a] private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime"); Dundore v. O'Donnell, 1985 WL 2681, at *2 (E.D. Pa. Sept. 17, 1985) (stating that "Defendant O'Donnell is alleged to have refused to file the criminal charges brought by plaintiffs. Although plaintiffs were no doubt aggrieved when O'Donnell refused to file the charges, they have no constitutional right that I am aware of to have criminal charges filed"). See also Kim v. Romero, 877 F.2d 64, 1989 WL 67116, at *1 (9th Cir. June 14, 1989) (affirming the dismissal of a suit against various prosecuting authorities for their failure to bring charges against a sheriff for alleged battery); Corbin v. Stevens, 1992 WL 96684, at *2 (S.D.N.Y. April 30, 1992) (stating that "[p]laintiff possesses no constitutional right to have someone arrested..."). Because Plaintiff has no constitutional right to have the inmates who assaulted him criminally charged, it follows that neither Defendant Henecks nor Defendant Carlissimo could have violated Plaintiff's constitutional rights by failing to do so.

Notably, Plaintiff has not addressed this issue with respect to Carlissimo and thus has apparently conceded the issue as to him. Further, with respect to District Attorney Henecks, Plaintiff merely argues that there was sufficient evidence to warrant prosecution of the inmates who assaulted him and that Henecks failure to bring charges was discriminatory. Neither of these assertions, however, alter the fact that Plaintiff has no standing to bring his claims and does not provide the basis for finding that Henecks violated Plaintiff's constitutional rights.

Moreover, as argued by Defendants, Henecks' decision not to prosecute Plaintiff's assailants is protected by absolute prosecutorial immunity even if it was made in bad faith. See Hudak v. Foulk, 2007 WL 4287760, at *16 (W.D. Pa. Dec. 5, 2007) ("courts have recognized that a prosecutor's motives in initiating criminal proceedings are irrelevant for purposes of absolute immunity"); Molina v. City of Lancaster, 159 F. Supp. 2d 813, 820 (E.D. Pa. 2001) (allegation that prosecutor fabricated evidence and charges were insufficient to overcome absolute prosecutorial immunity). See also Bernard v. Cnty. of Suffolk, 356 F.3d 495, 505 (2d Cir. 2004) (absolute immunity shielded prosecutors from suit for their alleged malicious or selective prosecution of plaintiffs, notwithstanding allegations that prosecutions were politically motivated); Campbell v. Maine, 787 F.2d 776, 778 (1st Cir. 1986) (no bad faith exception to absolute immunity of prosecutor). Accordingly, Plaintiff's claims brought against Henecks and Carlissimo are properly dismissed as well.

### D.    CONCLUSION

For the foregoing reasons, it appears that Plaintiff has failed to state a claim against any of the Defendants and that Defendants' Motion to Dismiss should be granted. This notwithstanding, the United States Court of Appeals for the Third Circuit has held that when dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint whether or not the plaintiff has asked to do so. The Court, however, is not required to allow an amended complaint to be filed where it would be inequitable or futile. See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007), *citing* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, it is clear from the Complaint and Plaintiff's Response to the Motion that he is unable to state a claim against Defendants Henecks and Carlissimo and that any amendment to the Complaint with

respect to them would be futile. At this juncture, however, it is not as clear that Plaintiff is unable to state a plausible claim against Defendants Miller and/or Zavada. Accordingly, it is respectfully recommended that Defendants' Motion to Dismiss for Failure to State Claim, ECF No. 16, be granted and that the claims brought against Henecks and Carlissimo be dismissed with prejudice. It is further recommended that Plaintiff's claims brought against Miller and Zavada for failure to protect be dismissed without prejudice to filing an amended complaint relative to those claims.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


Dated: February 3, 2015


cc:     The Honorable Maurice B. Cohill
        United States District Judge

Jacob Brosky
LF-2813
SCI Mercer
801 Butler Pike
Mercer, PA 16137

All Counsel of Record Via CM-ECF